UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDOLPH P. BACA,

Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS
of the COUNTY OF McKINLEY,
Chairman Earnest Becenti, Sr.,
Commissioner Ben Shelly,
Commissioner Sharon Richards,
County Manager Irvin Harrison,
Murlee Hollow Horn and Pat Holloway,
individually and in their official capacities,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

98 DEC 18 PM 4: 20

No. _____
CLERK-ALBUQUERQUE

CIV    98    1541 LH

RICHARD L. PUGLISI

## COMPLAINT FOR DAMAGES FOR
## RACE/NATIONAL ORIGIN DISCRIMINATION, FREE SPEECH VIOLATION &
## CONSPIRACY: CIVIL RIGHTS ACT OF 1866, 1964 & 1991

### I. JURISDICTION AND PARTIES

COMES NOW Plaintiff, Randolph P. Baca, by and through his attorney, Victor S.

Lopez, and asserts this complaint against Defendants:

1.      This suit is brought and jurisdiction lies under 28 U.S.C. Section 1331

(Federal Question), 1343 (Civil Rights), the Civil Rights Act of 1966 and § 706 of Title

VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-5, and under the statutory and common law of the state of New Mexico.

2.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C.

§ 2000e-5(f)(3) and the Civil Rights Act of 1964, have occurred or been complied with.

(a)     A charge of national origin discrimination, sex and retaliation was filed

with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission ("EEOC") within 300 days of the commission of the unlawful employment practices alleged herein (Charge Nos. 390970147 & 390970652) (copies are Attached hereto).

(b)    Notifications of Right to Sue were issued on September 24 & 25, 1998 (copies are Attached hereto).

(c )    This complaint has been filed within 90 days of Plaintiff's receipt of the Notifications of Right to Sue.

3.    Plaintiff, Randolph P. Baca, is a Hispanic male of Mexican ancestry, and a citizen of the United States and of the state of New Mexico, who resides in the County of Valencia, Village of Los Lunas, State of New Mexico.

4.    Defendants the Board of County Commissioners of the County of McKinley, Chairman Earnest Becenti, Sr., Commissioner Ben Shelly and Commissioner Sharon Richards are at relevant times were public officials elected to the McKinley County Commission under the laws of the State of New Mexico.  They are being sued in their official and individual capacities.

5.    County Manager Irvin Harrison, County Employee Murlee Hollow Horn and County Employee Pat Holloway are or at all relevant times were employees of McKinley County and they are being sued in their official and individual capacities.

6.    Defendant Board of County Commissioners is a "person" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7.    Defendants are engaged in an "industry affecting commerce" within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8.    Defendants employ 25 or more employees and are "employers" within the

2

meaning of 42 U.S.C. § 12111(5)(a) and under the Civil Rights Act of 1964.

## II. STATEMENT OF FACTS

9.      Plaintiff was employed with the County from October 1993 until January 1997.

10.      Although Plaintiff was a professional employed on a full-time basis with the County, he continued to attend the University where he pursued a degree in the field of human resources management, which was directly relevant and helpful to his service with the County.

11.      The County was aware of Plaintiff's continued schooling and authorized such through its actions and approvals of his modified work schedules.

12.      The County knew of Plaintiff's continued success at the University, including his excellent grades (graduated with honors) and his making of the Dean's List.

13.      When Plaintiff was hired by the County of McKinley, he was hired with the understanding and promise that he would replace Pat Holloway, Personnel Director, who was expected to retire within the next couple of years.  In reliance upon the promise of promotion, Plaintiff begin pursuing training in 1993 and continued University studies in a degree program, and other training, to prepare for said promotion.

14.      In June, 1996, and after Ms. Holloway announced her impending retirement, Plaintiff informed County officials of his intention to apply, and he did apply, for the position of Personnel Director.

15.      Plaintiff was a good employee who received high performance

3

evaluations prior to the discrimination alleged herein; in fact, Plaintiff received the Employee of the Quarter Award in August, 1996.

16.     Upon information and belief, Plaintiff received higher scores in his interviews and through the applicant selection process for the vacant Personnel Director's position than the non-Hispanic who was ultimately selected for that position.

17.     Defendants refused to re-interview Plaintiff a second time when other applicants were re-interviewed despite a County policy that providing that persons in his situation be re-interviewed.

18.     Murlee Hollow Horn, who is not Hispanic, was less qualified by experience, training and education to serve as Personnel Director than Plaintiff, but Irvin Harrison and the County Commission nevertheless selected her for the position in late July 1996.

19.     Upon information and belief, Plaintiff was not selected for promotion to the position of Personnel Director because of his race, ancestry or national origin.

20.     Ben Shelly made public comments at various times during 1996 that layoffs or hirings should be based upon the employee's or prospective employee's race.  This suggestion was later followed by the County, and resulted in laying off of non-Native Americans and the subsequent hiring of Native Americans, to the exclusion of Hispanics and other races.

21.     After Plaintiff's unsuccessful application for Personnel Director, the new Director, Murlee Hollow Horn, immediately begun a process of re-defining Plaintiff's work duties and requiring him to pursue some actions that were violative of County

4

policy or ordinances.

22.     Hollow Horn had made derogatory comments about Mexicans, saying the County should not hire this race of people because they are all related.  She also harassed and humiliated Plaintiff in the conduct of his work duties.

23.     Hollow Horn deprived Plaintiff of his office computer, which Plaintiff needed to effectively and efficiently perform his duties.

24.     Hollow Horn canceled a work order which would have resulted in the construction of a partition to allow Plaintiff to more effectively and efficiently perform his duties.

25.     Hollow Horn tried to persuade Plaintiff to misrepresent some job applicants' qualifications to make them appear to be eligible when in actuality they were not, but Plaintiff refused these demands or to participate in the subterfuge, and he was accused of being insubordinate.

26.     After being asked by Hollow Horn to perform what Plaintiff believed to be illegal acts--requests which were declined by Plaintiff--Plaintiff approached Irvin Harrison, County Manager and other officials, and complained to them about Hollow Horn's unreasonable requests.

27.     Following Plaintiff's complaint to the County Manager and other County officials, the harassment and retaliation by Hollow Horn and other officials intensified.

28.     Hollow Horn disregarded Plaintiff's advice regarding personnel matters and tried to coerce him into taking inappropriate actions which could have jeopardized his employment status with the County.

29.     After Plaintiff made known his intention to pursue legal redress for the discrimination directed against him, the County and its employees further increased their adverse treatment of Plaintiff.

30.     The County and its employee, Murlee Hollow Horn, attempted to discipline Plaintiff without legal basis and in disregard of County policies or ordinances.

31.     The County and its employee, Murlee Hollow Horn, retaliated against Plaintiff by: giving him unreasonably short time limits in which to complete assigned tasks, by refusing initially to grant Plaintiff a length of service wage increase, by refusing to allow the construction of a partition between his work space and the office copying machine, by taking his work computer away, by ordering to misrepresent facts and in other ways as will be proven at trial.

32.     The County and its employee, Murlee Hollow Horn, retaliated against Plaintiff by putting pressure on him to misrepresent job applicants ratings to make them more eligible than was actually warranted by the circumstances.

33.     Unable to continue under the misplaced and harassing scrutiny of Hollow Horn and seeing that the County had taken no action to correct the problems of which he complained, Plaintiff in mid-October 1996 sought a transfer to a position comparable to the Personnel Assistant job he had held up to that point.  He sought this change to avoid the continued retaliation at the hands of Hollow Horn.

34.     Instead of transferring Plaintiff to a position comparable to his Personnel Assistant position, the County transferred him to a temporary, "unestablished" position.

35.     Despite Plaintiff's transfer, the County continued to expect Plaintiff to

6

perform some of the duties of Personnel Assistant.

36.    Plaintiff did not grieve this transfer because Irvin Harrison promised him in November 1996 that he would be receive a promotion from Pay Level 7 (Personnel Assistant) to a Pay Level 8 in the position of Administrative Assistant to the County Manager.  This position paid more than his previous position, i.e., Pay Level 8, and was expected to become vacant by the retirement of Lorraine Marsh in December 1996.

37.    Plaintiff relied upon the promise that he would be promoted to the Administrative Assistant position and begin training for this position in November 1996.

38.    However, in December 1996, the County without explanation abruptly halted Plaintiff's training for the Administrative Assistant position that had been promised to him and re-classified that position downward to an Executive Secretary position.  In so doing, Defendants also increased the required qualifications and lowered the salary to a Level 6, making the position unappealing to Plaintiff.  The County had previously promised that Plaintiff would be promoted into the Pay Level 8 position previously held by Lorraine Marsh.

39.    In December 1996, and despite his non-promotion, Plaintiff continued in an unestablished position to perform duties of several positions, including Personnel Assistant, computer assistant and assistant to the receptionist, while receiving no pay increase.

40.    In January 1997, Plaintiff had been essentially demoted to an unestablished position, he had no job security, promises of promotion had been broken, he had been humiliated and degraded by the County, and he had been

7

required to perform the duties of several diverse positions without a salary increase.

41.     At that time, Plaintiff's working conditions were so onerous and intolerable that he had little choice but to leave County employment.

42.     Plaintiff was constructively discharged.

43.     After Plaintiff's constructive discharge, the County reclassified the aforementioned Executive Secretary position back to the Administrative Assistant previously promised to Plaintiff, also reducing the restrictive qualifications, and hired a non-Hispanic to fill the position who was less qualified than Plaintiff based upon his years of directly related administrative and managerial experience with County and other employers.

44.     After January 1997 the County and Hollow Horn continued their efforts to retaliate against Plaintiff, to discredit him and to harm his future employment.

45.     After Plaintiff's departure from the County, he sent out hundreds of letters to prospective employers applying for jobs around the state and country.

46.     The County or Murlee Hollow Horn gave derogatory, negative and untrue references intended to harm Plaintiff's future employment opportunities.

47.     The actions and statements of Hollow Horn and other County officials which "black-listed" Plaintiff were intentional and malicious.

### COUNT I--RACE/NATIONAL ORIGIN DISCRIMINATION
### & FREE SPEECH EXERCISE: SECTION 1983

48.     Plaintiff hereby incorporates paragraphs 1 through 47, inclusive, as if the same had been stated herein verbatim.

8

49.     Defendants, acting under color of New Mexico law and the ordinances of the County of McKinley, subjected Plaintiff to deprivations of the following rights, privileges and immunities secured under the Constitution and laws of the United States when they decided to deny his promotion as promised, when they engaged in a campaign of retaliation and harassment after he reported potentially illegal conduct to his superiors, and when they black-listed him, and failed to provide a meaningful institutional remedy to redress violation of said rights:

a)     Defendants deprived Plaintiff of his right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions and retaliation to an impermissible extent on Plaintiff's exercise of his free speech rights when he complained to Hollow Horn, Irvin Harrison and other officials about the potentially illegal acts he was being asked to perform.

b)     Defendants deprived Plaintiff of his right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution by intentionally basing their decisions to an impermissible extent on Plaintiff's race, ancestry or national origin.

c)     Defendants deprived Plaintiff of his right to due process of law under the Fourteenth Amendment to the U.S. Constitution by depriving him of a meaningful institutional remedy to address the discrimination and retaliation leveled against him, and by pursuing a campaign of misrepresentation and black-listing after Plaintiff's departure which harmed Plaintiff's future employment rights.

50.     As a direct and proximate result of said unlawful employment practices,

9

Plaintiff was effectively discharged unlawfully from his employment, and he failed to obtain employment rights to which he was otherwise entitled with the County.  Plaintiff has also suffered anxiety and other distress, humiliation and embarrassment as a result of being effectively discharged from employment, has suffered and will continue to suffer loss of wages, salary, fringe benefits, pension, seniority benefits, promotions and other benefits.

51.    Defendants' discriminatory conduct as to Plaintiff was malicious, intentional and outrageous, or carried out with reckless disregard for Plaintiff's federally protected civil rights, for which they should be punished by awarding Plaintiff punitive damages.

**COUNT II--RACE DISCRIMINATION; CONSPIRACY: SECTION 1985(3)**

52.    Plaintiff hereby incorporates paragraphs 1 through 51, inclusive, as if the same had been stated herein verbatim.

53.    Defendants Board of County Commission, Earnest Becenti, Sr., Ben Shelly, Sharon Richards, Irvin Harrison, Murlee Hollow Horn and Pat Holloway have conspired for the purpose of depriving Plaintiff and others of the equal protection of the laws and of equal privileges and immunities under the laws by refusing to appoint Plaintiff and by otherwise taking adverse employment actions against him as described above.  Defendants' conduct in this regard was motivated impermissibly by Plaintiff's race, his ancestry or national origin, by personal malice against Plaintiff and by improper consideration of Plaintiff's exercise of his free speech under the First and Fourteenth Amendments to the U.S. Constitution.

10

54.     In furtherance of the object of this conspiracy to deprive Plaintiff of the

equal protection of the laws and his equal privileges and immunities under the laws, the

Defendants have done or caused to be done the acts set forth in this Complaint which

resulted in Plaintiff's non-promotion, the deterioration of his working conditions and his

ultimate demotions, humiliation, constructive discharge and post-employment damage

to his reputation and future employment prospects.

55.     Plaintiff has been injured and damaged in his person and property and

deprived of exercising his rights and privileges as a citizen by virtue of the conduct of

the conspiring defendants.

## COUNT III--RACE DISCRIMINATION; INACTION TO PREVENT HARM: SECTION 1986

56.     Plaintiff hereby incorporates paragraphs 1 through 55, inclusive, as if the

same had been stated herein verbatim.

57.     Defendants Earnest Becenti, Sr., Ben Shelly, Sharon Richards, Irvin

Harrison, Murlee Hollow Horn and Pat Holloway had knowledge at all material times

that the wrongs conspired to be done as alleged Count II (Race Discrimination;

Conspiracy: Section 1985) were about to be or were in the process of being committed

during the period from June 1996 through 1997.

58.     These Defendants had the power to prevent or aid in preventing the

commission of these wrongs, yet they neglected or refused to help Plaintiff to prevent

such harm by promoting Plaintiff, by preventing the harassment or retaliation or by

assuring that Plaintiff's employment rights were not otherwise violated.

11

59.    Plaintiff has been damaged in the manner set forth in paragraph 50 and 51 of this complaint, which are incorporated herein by reference, and he is entitled, by virtue of 42 U.S.C. Section 1986, to recover from the Board of County Commission, Earnest Becenti, Sr., Ben Shelly, Sharon Richards, Irvin Harrison, Murlee Hollow Horn and Pat Holloway all damages resulting from such wrongful neglect or refusal.

## COUNT IV--RACE DISCRIMINATION: SECTION 1981

60.    Plaintiff hereby incorporates paragraphs 1 through 59, inclusive, as if the same had been stated herein verbatim.

61.    The Defendants have deprived Plaintiff of his right to make and enforce contracts and to the full and equal benefit of the County's regulations and laws and proceedings for the security of Plaintiffs employment and promotion because of Plaintiff's race, ancestry or national origin in violation of 42 U.S.C. Section 1981.

62.    Plaintiff has been damaged by virtue of Defendants' conduct as alleged in the foregoing paragraph in the same manner as alleged in paragraph 50 and 51 above, which are incorporated herein by this reference, and is entitled to recover these damages from the appropriate Defendants.

## COUNT V--TITLE VII

63.    Plaintiff hereby incorporates paragraphs 1 through 62, inclusive, as if the same had been stated herein verbatim.

64.    The County of McKinley, through the County Commissioners named herein, have discriminated against Plaintiff because of his race, ancestry or national origin with respect to the terms and conditions of his employment by refusing to

12

promote him to the position of Personnel Director, by retaliating against him for

applying for the position, for complaining about the unreasonable and possibly illegal

requests of his supervisor, and pursuing his legal remedies, as more specifically

alleged above, and have thereby engaged in an unlawful employment practice

prohibited by 42 U.S.C. Section 2000e-2(a), Title VII of the Civil Rights Act of 1964.

65.    The allegations of paragraph 50 and 51 are incorporated herein by

reference.  Plaintiff is entitled to such damages and relief as this Court deems

appropriate under Section 42 U.S.C. Section 2000e-5(g).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands the Court award the following relief:

(1)    Compensatory damages for back pay he would have earned had he been promoted, together with related monetary benefits and interest thereon, from the date he should have been promoted but for Defendants' discrimination, harassing and retaliatory conduct.

(2)    Award Plaintiff compensatory damages for past lost wages, including other employment benefits, following Plaintiff's constructive discharge.

(3)    Award Plaintiff compensatory damages for future lost earnings and earning capacity, together with lost employment benefits and opportunities in an amount to be determined at the trial of this matter.

(4)    Award Plaintiff damages to compensate him for pain and suffering experienced as a result of Defendants' discriminatory, harassing and retaliatory conduct.

(5)    Award Plaintiff damages to compensate him for past medical and psychological expenses he has incurred, and that he may incur in the future, as a result of Defendants' discriminatory, harassing and retaliatory conduct.

(6)    Award Plaintiff punitive damages to punish Defendants for their conduct in an amount to be determined at trial.

13

(7)     Award Plaintiff his attorney's fees, including legal expenses, and costs pursuant to the Civil Rights Act of 1964 , as amended, and the Civil Rights Act of 1991.

(8)     Grant such other and further relief as may be just and proper.

**Plaintiff demands trial by jury.**

Victor S. Lopez
Attorney for the Plaintiff
233 High Street, NE
Albuquerque, NM  87102
(505) 243-2454

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ | |
| ☒ EEOC | 590970 147 |

_____ NM Human Rights Division _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Randolph P. Baca | (505) 722-2917 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3412 Blue Hill, Gallup, NM 87301 | | 01/05/57 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| McKinley County | Cat B (101-200) | (505) 722-3868 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 201 West Hill, P. O. Box 70, Gallup, NM 87305 | | 031 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN | EARLIEST 07/25/96   LATEST 10/10/96 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I. STATEMENT OF HARM:

I was denied promotion to Personnel Officer on or about 07/25/96. On or about 10/10/96 I was denied my length of service pay increase.

II. RESPONDENT'S POLICY, PROCEDURE OR PRACTICE ALLEGEDLY RESULTING IN DISCRIMINATION:

The person selected for Personnel Officer is female and Native American.
I believe that Respondent used the fact that I am going to school as a pretext (excuse) to discriminate against me. RECEIVED
I previously filed a tort action against Respondent officials
alleging discrimination.                                      AT SO. DIST OFF.

NOV 0 4 1996

III. STATEMENT OF DISCRIMINATION:

I believe I have been discriminated against in violation of Title VII
of the Civil Rights Act of 1964, as amended, because of my national
origin (Hispanic), sex (male) and in retaliation for opposing
discriminatory practices.                                    E.E.O.C.

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 10-31-96   ✗ *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)* |

EEOC FORM 5 (Rev. 06/92)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 390970650 |

NM Human Rights Division _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Randolph P. Baca | (505) 722-2917 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3412 Blue Hill, Gallup, NM 87301 | | 01/05/57 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Mc Kinley County | Cat B (101-200) | (505) 722-3868 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 201 West Hill, P. O. Box 70, Gallup, NM 87305 | | 031 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 10/13/96 | 01/31/97 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

## I. STATEMENT OF HARM:

I was constructively discharged (forced to resign) on January 31, 1997.

## II. RESPONDENT'S POLICY, PROCEDURE OR PRACTICE ALLEGEDLY RESULTING IN DISCRIMINATION:

I filed a previous charge of discrmination against my employer.

## III. STATEMENT OF DISCRIMINATION:

I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in retaliation for filing a previous charge of discrimination.

APR 0 4 1997

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| Date 3-26-97   Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Rev. 06/92)



## DISMISSAL AND NOTICE OF RIGHTS

| To: Randolph P. Baca<br>3 Cedar Avenue<br>P. O. Box 3045<br>Los Lunas, NM 87031 | From: Equal Employment Opportunity Commission<br>Albuquerque District Office<br>505 Marquette N.W.<br>Suite 900<br>Albuquerque, New Mexico 87102-2189 |
|---|---|

[  ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 390970147 | Kathlyn K. Johnson, Investigator | (505) 248-5183 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]   While reasonable efforts were made to locate you, we were not able to do so.

[  ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____      SEP 2 5 1998

Frank L. Iske, Deputy Director            Date Mailed

Enclosure(s)

cc:   McKinley County                Gilbert J. Vigil
      P. O. Box 70                   Route 66 Law Offices
      Gallup, NM 87305-0070          1615 Central Ave, NW
      Attn: Murlee Hollow Horn,      Albuquerque, NM 87104
      Personnel Director



## DISMISSAL AND NOTICE OF RIGHTS

To: Randolph P. Baca
3 Cedar Avenue
P. O. Box 3045
Los Lunas, NM 87031

From: Equal Employment Opportunity Commission
Albuquerque District Office
505 Marquette N.W.
Suite 900
Albuquerque, New Mexico 87102-2189

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 390970652 | Kathlyn K. Johnson, Investigator | (505) 248-5183 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Frank T Iske*

Frank L. Iske, Deputy Director

SEP 2 4 1998

Date Mailed

Enclosure(s)

cc: McKinley County
P. O. Box 70
Gallup, NM 87305-0070
Attn: Murlee Hollow Horn,
Personnel Director

Gilbert J. Vigil
Route 66 Law Offices
1615 Central Ave, NW
Albuquerque, NM 87104